IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RONALD EARL LEGARDY**, | 1:07-cv-00338-AWI WMW |
| Petitioner, | **FINDINGS AND RECOMMENDATIONS RE DISMISSAL OF PETITION FOR WRIT OF MANDAMUS** |
| vs. | |
| **SUPERIOR COURT OF STATE OF CALIFORNIA**, | |
| Respondent. | |

Petitioner is proceeding pro se on a petition for writ of mandamus, requesting that this court issue an order requiring the California Superior Court to take certain actions.

The federal mandamus statute provides: "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. A writ of mandamus is an extraordinary writ, and is issued only when (1) the plaintiff's claim is "clear and certain;" (2) the defendant official's duty to act is ministerial

and "so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available. Barron v. Reich, 13 F.3d 1370, 1374 (9th Cir. 1994) (citations omitted). Mandamus relief is only available to compel an officer of the United States to perform a duty; federal courts are without the power to issue mandamus to direct state courts or their judicial officers in the performance of their duties. A petition for mandamus to compel a state court to take or refrain from some action is frivolous as a matter of law. Demos v. U.S. District Court, 925 F.2d 1160, 1161-72 (9th Cir.) (Imposing no filing in forma pauperis order), *cert. denied*, 111 S.Ct. 1082 (1991); Clark v. Washington, 366 F.2d 678, 681 (9th Cir. 1966) (attorney contested disbarment and sought reinstatement); Dunlap v. Corbin, 532 F.Supp. 183, 187 (D. Ariz. 1981) (plaintiff sought order from federal court directing state court to provide speedy trial), *aff'd without opinion*, 673 F.2d 1337 (9th Cir. 1982).

Accordingly, IT IS HEREBY RECOMMENDED that this petition for writ of mandamus directed to the California Superior Court be DISMISSED for lack of jurisdiction.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 16, 2007                           /s/  William M. Wunderlich
                                              UNITED STATES MAGISTRATE JUDGE